[Doc. No. 51]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOUGLAS LITTLEJOHN,<br><br>       Plaintiff,<br> v.<br>VIVINT SOLAR,<br><br>       Defendant. | Civil No. 16-9446 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

  This matter is before the Court on defendant's "Motion for a Protective Order" [Doc. No. 51]. Defendant claims various documents are protected from discovery by the attorney-client privilege and/or the work-product doctrine. The Court received plaintiff's opposition, defendant's reply and the parties' supplemental briefs. The Court also held oral argument. In addition, the Court heard the testimony of Brandon Hale, Esquire, defendant's Associate General Counsel, that defendant offered to support its motion. The Court also reviewed the documents at issue <u>in</u> <u>camera</u>. For the reasons to be discussed, the Court grants in part and denies in part defendant's motion.

<u>Background</u>

  The parties are obviously familiar with the background of this matter so a detailed summary will not be provided. Plaintiff alleges that in March 2016, he was solicited at his

1

home by defendant's door-to-door salesman, P.J. Chamberlain, concerning solar energy sources. See Complaint ¶¶5-6. Plaintiff alleges that on March 26, 2016, he received a letter from his credit monitoring service stating that defendant pulled his credit report through Equifax on March 15, 2016. Id. at ¶17. Plaintiff called defendant's corporate office the same day and was told his electronic permission to request his credit report was on file. Id. at ¶18. Plaintiff alleges he never gave defendant permission to access his credit report and his authorization was fraudulently typed in without his permission or consent. Id. ¶19. The gravamen of plaintiff's complaint is that defendant "surreptitiously and intentionally obtained plaintiff's consumer report from a consumer reporting agency." Id. at ¶24. Plaintiff's complaint filed on December 22, 2016, alleges defendant violated the Fair Credit Reporting Act "willfully and/or negligently [by] obtaining Plaintiff's consumer credit report without a statutorily permissible purpose." Id. at ¶37.

The case has been plagued by discovery disputes which has resulted in numerous rulings by the Court. In this regard the Court directed defendant to produce all documents concerning similar allegations made against Chamberlain.[1] The Court also

---

[1] Specifically, the Court directed defendant to produce, "all documents in Chamberlain's file concerning consumer complaints regarding forgeries creating a false account, providing false

ruled that complaints made against Chamberlain after March 2016 are not necessarily off-limits to discovery.[2] The documents at issue primarily involve defendant's internal emails prepared after March 2016 that address complaints made against Chamberlain by other consumers. As noted, defendant claims the documents are protected from discovery by the attorney-client privilege and/or the work-product doctrine. The names of the complainants and when they complained has been disclosed. The crux of defendant's assertion is that its in-house counsel, Brandon Hale, directed the investigation into Chamberlain's actions done by defendant's Human Resources and other personnel.

Discussion

Insofar as the applicable law is concerned, the general principles are straightforward. Rather than repeating verbatim what it has already set forth in detail, the Court incorporates by reference its discussion in In re Riddell Concussion Reduction Litigation, C.A. No. 13-7585 (JBS/JS), 2016 WL 7108455 (D.N.J. Dec. 5, 2016). Some general principles that are worthy of note are highlighted. The mere fact that a statement is made by or to an attorney does not establish that the attorney-client privilege applies. Id. at *3. Similarly, the mere fact defendant's counsel is copied on an email does not make a

---

information, or running a credit check history or search without consent." See April 20, 2018 Order, Doc. No. 48.

[2] This Order does not address whether the documents are admissible at trial.

document privileged. Id. The attorney-client privilege only applies to communications done for a legal purpose. Id. Facts are not protected by the privilege. Id. at *4. In addition, "[a]n attorney who is not performing legal services or relaying legal advice and who performs non-legal duties does not qualify for the privilege." Id.

Defendant's position hinges on the involvement of Mr. Hale. It is of course true that the attorney-client privilege applies to in-house counsel. Id. However, since corporate counsel often undertake a business and legal role, the application of the attorney-client privilege in the corporate context is difficult to apply. Id. As this Court noted in Riddell, business advice is generally not protected. Id. In an instance involving mixed business and legal communications, the Court must determine the primary purpose of the communication. Id. "The test for the application of the attorney-client privilege to communications with legal counsel in which a mixture of services are sought is whether counsel was participating in the communications primarily for the purpose of rendering legal advice or assistance." Id. at *5.

It is also important to note that communications between and amongst defendant's employees that do not involve Mr. Hale or another attorney may still be privileged. Id. "These

4

communications remain privileged if they assist the attorney to formulate and render legal advice." Id.

As to the work-product doctrine, the doctrine only applies when materials are prepared because of pending or anticipated litigation. Id. at *6. In an instance where a document is prepared for multiple purposes, in order to be protected the "dominant purpose" in preparing the document must be the concern about litigation. Id.[3] A document prepared in the normal course of business that may prove useful in litigation is not work-product. Id. Importantly, documents exchanged between defendant's employees may be work-product even if they do not involve an attorney. The documents are protected if their primary purpose was to assist counsel to render legal advice. Id. at *8. If the purpose was to provide business advice, the work-product doctrine does not apply. Id.[4]

With this background summary the Court will proceed to analyze the documents reviewed in camera. The Court will use the numbering in the binder provided by defendant. As will be apparent from an examination of the documents the Court is directing be produced, the Court is not ruling that all

---

[3] The Court was able to determine the dominant purpose of the documents at issue by examining the documents in context and hearing the testimony of Mr. Hale.

[4] Again, the Court was able to determine if the subject documents were prepared for a business or legal purpose by examining defendant's documents in context and hearing the testimony of Mr. Hale.

5

investigative documents are protected. Communications regarding the original receipt of a consumer complaint and possibly early steps in the investigation process are not protected. When a customer representative reports a new complaint made by a customer, this is done for a business and not a legal purpose.[5] Hale testified it is defendant's general business practice to conduct a review when a customer complains. August 27, 2017 Transcript (("Tr.") at 52:5-9, Doc. No. 64. However, defendant's later investigative steps typically involved counsel and were taken when litigation was anticipated. These documents are protected. In addition, the Court rules that emails involving discussions amongst defendant's personnel about what discipline to impose on Chamberlain without the substantive involvement of Mr. Hale are not protected.

Defendant's binder includes documents that were originally the subject of defendant's motion and alleged privileged documents subsequently identified. This Order only specifically identifies the documents to be produced. These emails were either prepared in the normal course of business, contain relevant discoverable facts, and/or do not concern legal issues. The documents that are not specifically listed are protected by the attorney-client privilege and/or work-product doctrine, or

---

[5] This is true even if the customer complaint is first reported by a paralegal.

the documents are irrelevant.[6] Because of the substantial discovery taken in the case, the Court finds plaintiff does not have a substantial need to discover defendant's work-product documents.

1. Binder No. 1

These emails address a complaint made by Russell Degner.

    1. K. Murray (September 21, 2016 @ 5:51 p.m.)

    2. J. Sabin (October 31, 2016 @ 8:54 a.m.)

    3. J. Sabin (October 31, 2016 @ 2:36 p.m.)

    4. B. Harper (November 3, 2016 @ 4:45 p.m.)

2. Binder No. 2

These emails address a complaint made by Melissa Knight.

    1. S. Larson (June 27, 2017 @ 4:27 p.m.)(with copy of attached attorney letter)

    2. B. Harper (June 27, 2017 @4:49 p.m.)

    3. M. Brown (June 28, 2017 @ 4:55 p.m.)

    4. B. Harper (August 2, 2017 @ 4:25 p.m.)

    5. Final warning Letter issued to Chamberlain (Copy not included in binder.)

3. Binder No. 3

This is an "Employee Corrective Action Form" signed by Chamberlain (September 11, 2017), M. Brown (August 8, 2017) and Z. Allred (August 9, 2017). The form refers to Melissa Knight's complaint.

---

[6] It is possible, but the Court is not certain, that some of the documents identified herein may have already been produced.

7

This document is the most problematic item the Court reviewed. On the one hand this is a standard form used in the normal course of defendant's business. Tr. at 30:7-13. On the other hand, Mr. Hale had substantial input into this document at a time when defendant was a party to litigation involving Chamberlain, and at a time when it anticipated further litigation involving Chamberlain. Also, the document contains Mr. Hale's mental impressions. Id. 32:11-21. The Court decides that the objective portions of this document should be produced but the portions containing Mr. Hale's impressions are protected. Therefore, the Court rules that defendant should produce this document but it may redact the following boxes and the text contained therein: "What Happened?", "Prior Knowledge of Expected Conduct," and "Damage/Potential Damage." To be clear, the "Corrective Action & Consequences" box and text shall be produced. This objective information is factual in nature. Further, the discipline imposed on Chamberlain is discoverable and not protected.

4. Binder No. 4

These emails concern a complaint by "George." Defendant already produced portions of these emails. No additional emails need to be produced.

5. Binder No. 5

These documents concern a complaint made by John Devlin.

8

1. E. Belshe (December 6, 2017 @ 1:45 p.m.)

2. B. Harper (December 6, 2017 @ 2:08 p.m.)

3. M. Brown (December 7, 2017 @ 10:25 a.m.)

4. M. Brown (December 7, 2017 @ 10:47 a.m.)

5. P. J. Chamberlain (December 8, 2017 @ 10:13 a.m.)

6. Binder No. 6

These emails essentially duplicate Binder No. 5. To be complete, the following email should be produced.

1. P.J. Chamberlain (December 8, 2017 @ 7:13 a.m.)

7. Binder No. 7

According to defendant, these emails concern an issue Chamberlain self-identified. Tr. 96:2-5. Some of these emails have already been produced.

1. Brown (December 7, 2017 @ 10:37 a.m.)

8. Binder No. 8

These emails concern a customer complaint involving Mr. Rosas.

1. J. Lara (November 8, 2017 @ 1:49 p.m.)

2. E. Belshe (November 29, 2017 @ 10:26 a.m.)

3. A. Sprague (November 29, 2017 @ 12:37 p.m.)

4. E. Belshe (December 6, 2017 @ 7:58 p.m.)

5. M. Brown (December 7, 2017 @ 8:22 a.m.)

9

9. <u>Spreadsheet</u>

Defendant represented the highlighted entries on this spreadsheet (case tracker) have been or will be produced to plaintiff. The Court finds rows 2 and 3 of the spreadsheet contain relevant fact information that should be produced except for the protected information in the following columns that do not have to be produced: Founded/Unfounded, Notes/Comments and "Rep. Statement." The last row of the spreadsheet does not involve a consumer complaint. Nonetheless, the Court finds this event is too remote in time to be relevant to the claims and defenses in the case.

<u>Conclusion</u>

For all the foregoing reasons, the Court finds the documents and information listed herein are relevant and not privileged. The remaining documents are protected from discovery.

Accordingly, it is hereby ORDERED this 20th day of December, 2018, that defendant's Motion for a Protective Order is GRANTED in part and DENIED in part; and it is further

ORDERED that the documents and information identified herein shall be produced to plaintiff by January 15, 2019. The documents reviewed by the Court that are not listed herein are

protected by the attorney-client privilege or work-product doctrine, or are irrelevant, and do not have to be produced.[7]

                                              s/Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge

---

[7] To the extent plaintiff opposes defendant's motion on the ground that defendant's privilege log is deficient, the argument is rejected.