UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JAMES REILLY,

          Plaintiff,

                No. 1:18-cv-12356-NLH-JS

      v.

VIVINT SOLAR,

          Defendant.

_____        **OPINION**

DOUGLAS LITTLEJOHN,

          Plaintiff,

                No. 1:16-cv-09446-NLH-JS

      v.

VIVINT SOLAR,

          Defendant.

_____

**APPEARANCES**:

CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LOPEZ-JACOBS
FLITTER MILZ, P.C.
1814 EAST ROUTE 70
SUITE 350
CHERRY HILL, NJ 08003

    *Attorneys for Plaintiffs James Reilly and Douglas*
    *Littlejohn.*

DANIEL J.T. MCKENNA
MARTIN C. BRYCE, JR.
WILLIAM PATRICK REILEY
BALLARD SPAHR LLP
210 LAKE EAST DRIVE
SUITE 200
CHERRY HILL, NJ 08002-1163

JENNY NICOLE PERKINS
BALLARD SPAHR LLP
1735 MARKET STREET
51ST FLOOR
PHILADELPHIA, PA 19103

*Attorneys for Defendant Vivint Solar*

**HILLMAN, District Judge**

These actions center on the allegations of Plaintiffs James Reilly and Douglas Littlejohn that Defendant Vivint Solar accessed their credit history without permission.  Presently pending in both actions are motions to seal, which both Plaintiffs have opposed.  Defendant has also filed a motion for reconsideration or clarification in the Reilly action, which Plaintiff Reilly has also opposed.

Although these are separate actions, the factual allegations underlying both of them are remarkably similar, involving the actions of the same Vivint salesman, and the same counsel represent their respective sides in each action. Further, Defendants have filed largely similar motions to seal, putting forth nearly identical arguments regarding many of the exact same documents and information in both actions, and counsel for both Plaintiffs has filed nearly identical briefs opposing those motions.

Given the overlapping nature of the motions pending in both actions, the Court finds that it is most efficient to address

them in one joint opinion.  For the reasons expressed below, the Court will grant in part and deny in part Defendant's motions to seal, and will grant Defendant's motion for reconsideration or clarification in the <u>Reilly</u> action.

## **BACKGROUND**

As the Court writes mostly for the parties, it will not recount in detail the factual and procedural backgrounds of these two actions, and will instead focus only on the background details that are necessary to deciding the present motions.[1] Both Plaintiffs have filed actions bringing claims under the Fair Credit Reporting Act against Defendant, related to a series of improper actions allegedly taken by Vivint employee PJ Chamberlain to obtain permission for Vivint to run credit history checks on Plaintiffs.  Plaintiff Reilly specifically alleges that Chamberlain actively forged his signature on the form granting Defendant permission to access his credit history.

In June 2019, Defendant filed a motion for summary judgment and a motion to preclude expert testimony in the <u>Littlejohn</u> action (ECF No. 75 and 76); it later filed a similar motion for summary judgment and a motion to preclude the testimony of the same expert in the <u>Reilly</u> action in October 2019.  (ECF No. 60

---

[1] Further details regarding the background to these cases can be found in the Court's June 8, 2020 Opinion in the <u>Reilly</u> action (Case No. 18-cv-12356, ECF No. 79) and May 18, 2020 Opinion in the <u>Littlejohn</u> action (Case No. 16-cv-09446, ECF No. 93).

and 61).  Both plaintiffs, unsurprisingly, opposed both motions.
Then, on March 3, 2020 Defendant filed, in both actions, motions
to strike the Notice of Additional Disputed Material Facts filed
by both Plaintiffs.  (Case No. 18-cv-12356, ECF No. 72); (Case
No. 16-cv-09446, ECF No. 87).

The Court eventually issued opinions and orders in both
actions addressing the various motions.  On May 18, 2020, the
Court issued both an opinion and order in the Littlejohn action
granting in part and denying in part Defendant's motion for
summary judgment and granting Defendant's motion to strike, (ECF
No. 77 and 78), and a separate opinion and order granting in
part and denying in part Defendant's motion to preclude.  (ECF
No. 79 and 80).  The Court then entered separate opinions and
orders in the Reilly action on June 8, 2020, denying Defendant's
motion for summary judgment and granting its motion to strike,
(ECF No. 93 and 94), and granting in part and denying in part
Defendant's motion to preclude.  (ECF No. 91 and 92).  As both
parties had improperly filed a significant number of documents
under seal relating to each of these motions without having
filed a motion to seal as required by the Local Rules, the Court
further directed the parties to file proper motions to seal
those documents.  (Case No. 18-cv-12356, ECF No. 77 at 5 n. 2;
Case No. 16-cv-09446, ECF No. 93 at 3-4, n.2).

Defendants filed their motions to seal in the Littlejohn

4

action on June 1, 2020 (ECF No. 97 and 98), and in the Reilly

action on June 22, 2020.  (ECF No. 83 and 85).  Defendant

further filed a motion for reconsideration or clarification of

the Court's June 8 Opinion on their motion for summary judgment

in the Reilly action.  (ECF No. 87).

    Plaintiffs' counsel filed nearly identical briefs largely

opposing the majority of Defendant's requests for sealing or

redaction, with the exception of certain documents disclosing

information about each of the Plaintiffs, and further opposed

the motion for reconsideration or clarification.  Finally,

Defendant filed briefs in further support of their motions to

seal; both of their briefs agree to withdraw certain of their

original sealing requests and to request redactions to certain

documents rather than full sealing.  The pending motions have

all been fully briefed and are ripe for adjudication.

### DISCUSSION

### I.   Subject Matter Jurisdiction

    The Court exercises subject matter jurisdiction over both

actions pursuant to 28 U.S.C. § 1331.

### II.  Motion for Reconsideration or Clarification

    Defendant has filed a motion for reconsideration or

clarification of the Court's June 8, 2020 Opinion in the Reilly

action.  (ECF No. 87).  Local Rule 7.1(i) allows a party to file

a motion with the Court requesting the Court reconsider the

"matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  Under Local Rule 7.1(i), the moving party must demonstrate "'the need to correct a clear error of law or fact or to prevent manifest injustice.'" Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted); see also Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002).  The burden is on the moving party to demonstrate the existence of clear error or manifest injustice.  Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).  "Motions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction."  Lynch v. Tropicana Products, Inc., No. 2:11-cv-07382 (DMC)(JAD), 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (citing Fastware, LLC v. Gold Type Business Machines, Inc., No. 09-1530, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009)).

As its motion makes clear, Defendant does not actually seek reconsideration of the Court's final holding in that Opinion, granting in part and denying in part its earlier motion for summary judgment.  Instead, it requests that the Court either reconsider its factual findings and fix what Defendant believes was an important factual mistake in two statements in the Opinion, or issue a clarification on the meaning of those two

statements.  Specifically, Defendant's motion focuses on the following two sentences:

- "Chamberlain admits, at least in part, to forging documents related to Knight's purchase." (ECF No. 77 at 4).

- "Chamberlain – in carrying out the business of Defendant as its agent – has admitted to forging Plaintiff's signature." (ECF No. 77 at 30).

Defendant's argument, at its core, is that these statements either misstate or overstate the facts before the Court at the summary judgment stage; they argue that, contrary to the Court's assertions, Chamberlain had in fact not admitted to any forgery, and there was not sufficient evidence in the record for the Court to rely upon in finding that he had admitted to doing so.

Defendant argues that the only evidence that comes even close to supporting these sentences is the evidence supporting Plaintiff's statement of disputed material fact that "Chamberlain admits that Reilly did not sign his name on the August 2016 forged PPA, and that it 'could have been me.'" (ECF No. 66-1 at ¶ 29).  That statement relied entirely upon this exchange from Chamberlain's earlier deposition:

Q. So, sir, you have in front of you documents beginning with the stamp at the bottom Vivint-Knight 001. Do you see that?

7

A. Yes.

Q. It's Exhibit 9. I want to call your attention to page 42 of that exhibit. Do see the signature pages?

A. Yes.

Q. Who signed James Reilly's name?

A. I think I answered it before that I'm not sure.

Q. Did James Reilly sign his name?

A. No.

Q. Who signed James Reilly's name?

MR. KENNEDY: Objection; asked and answered.

BY MR. MILZ:

Q. If not James Reilly, then who?

A. I'm not sure. It could have been Melissa. It could have been me.

Q. So as you sit here today do you have any facts that support what you just said, that it could have been Melissa Knight that signed James Reilly's name?

MR. KENNEDY: Objection.

THE WITNESS: No.

(ECF No. 66-2, Ex. 4 at 84:15-85:16).

Plaintiff, on the other hand, argues that this testimony "is tantamount to an admission," and that "[d]rawing all inferences in favor of non-movant Reilly, as this Court was required to do,

the Court had ample basis to state that Chamberlain admitted to forging Mr. Reilly's signature."  (ECF No. 88 at 3).

The Court, having reviewed the parties' arguments and filings, both on this motion and for the underlying motion for summary judgment, will grant Defendant's motion.  First, it is clear that the only evidence in the record before the Court on Defendant's motion for summary judgment that addressed whether Chamberlain had admitted to forging Plaintiff Reilly's signature is the deposition testimony above — a fact that Reilly appears to concede in his brief opposing the motion for reconsideration or clarification, as he cites only to that specific testimony to support his argument that the two statements in the Court's Opinion were accurate statements of fact.

Having reviewed that deposition testimony closely, the Court notes that, as Plaintiff Reilly has argued, Chamberlain concedes that he does not have any evidence to support his claim that someone else could have forged Reilly's signature.  And the Court does believe that the Opinion, read in its entirety, would likely make clear to any reader that the Court was simply drawing inferences in favor of Plaintiff as the non-movant, and not making a factual finding that was binding in this action. However, the Court recognizes that the two sentences objected to by Defendant, both on their own and in the narrower context of the paragraphs in which they are found, do admittedly appear to

9

convey a potential finding of fact by the Court.  It was not the
Court's intent to make such a finding — a fact demonstrated by
the Opinion's clear statement elsewhere that "the Court leaves
to the jury to determine (1) whether or not the PCCF was
actually forged . . . ."  (ECF No. 77 at 24).

For this reason, out of an abundance of caution and to
avoid the potential for further issues at a later point in this
proceeding, the Court will grant Defendant's motion.  While
Defendant has put forth multiple possible avenues for addressing
their motion, the Court finds that the simplest solution here is
to issue an amended opinion that restates those two sentences
more clearly.  Therefore, the Court will enter an amended
opinion, with the two sentences in question replaced with the
following, more accurate sentences:

- Chamberlain admits, at least in part, that either he or
  Knight "could have" forged a document related to Knight's
  purchase.
- Chamberlain – in carrying out the business of Defendant as
  its agent – has admitted that either he or Knight "could
  have" forged Plaintiff's signature.

## III. **Motions to Seal**

Defendant, in both actions, has also moved to seal a wide
range of documents and to further redact passages from a
multitude of different pages in both its own briefing and the

briefing of both Plaintiffs.  Local Civil Rule 5.3 governs
requests to seal documents filed with the Court.  To succeed on
a motion to seal, the moving party must describe: (1) the nature
of the materials at issue; (2) the legitimate private or public
interests that warrant the relief sought; (3) the clearly
defined and serious injury that would result if the relief
sought is not granted; and (4) why a less restrictive
alternative to the relief sought is not available.  L. Civ. R.
5.3(c)(3).  While it is within the Court's authority to restrict
public access to information, it is well-settled that there is a
"common law public right of access to judicial proceedings and
records."  In re Cendant Corp., 260 F.3d 183, 192 (3d Cir.
2001).

   The moving party bears the burden to overcome this
presumption of public access and must demonstrate that "good
cause" exists for the protection of the material at issue.
Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.
1994).  Good cause exists only when the moving party makes a
particularized showing that disclosure will cause a "clearly
defined and serious injury."  Id.  Good cause is not established
where a party merely provides "broad allegations of harm,
unsubstantiated by specific examples or articulated reasoning."
Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108,
1121 (3d Cir. 1986)).

Defendant breaks its sealing and redaction requests down into three basic categories: (1) the medical records and credit histories of Plaintiffs (2) "Vivint Solar's confidential sales processes, procedures, policies, and trainings," (3) "confidential HR records of nonparty PJ Chamberlain and internal Vivint Solar HR emails regarding same." (Case No. 18-cv-12356, ECF No. 93 at 3); (Case No. 16-cv-09446, ECF No. 101 at 3-4). The Court, having closely reviewed Defendant's motions and supporting briefs and certifications in both actions, finds that Defendant has largely failed to meet its burden under Local Rule 5.3(c)(3) and has not shown good cause for rebutting the presumption of public access to the documents filed on this Court's docket.

Defendant itself, in its reply briefs in further support of both motions, explicitly lists the requirements of Local Rule 5.3(c)(3) and claims that it "submitted an Attorney Certification addressing all of these points for each Motion to Seal" in both cases. (Case No. 18-cv-12356, ECF No. 93 at 3); (Case No. 16-cv-09446, ECF No. 101 at 4). However, the Court's searching review of Defendant's Attorney Certifications makes abundantly clear that Plaintiff has done no such thing. While the Certifications, and the reply briefs filed by Defendant in both actions, do clearly satisfy the first requirement by describing the nature of the materials in question, in both

12

actions Defendant has entirely failed to demonstrate "the clearly defined and serious injury that would result if the" documents in question were not sealed or redacted.

Defendant, having already previously filed its documents under seal without an accompanying motion in violation of this Court's Local Rules, was granted the opportunity to file a proper motion seeking to seal or redact those documents it wished to protect.  Presented with that chance, Defendant initially chose not to file any briefs supporting their motions, instead relying entirely on Attorney Certifications.  However, Defendant's four Attorney Certifications put forth no allegations of potential harm or injury beyond the following sentence, which can be found in all four certifications: "Vivint Solar respectfully submits that the Court should grant the instant motion because Vivint Solar does not want to make publically [sic] available any documents deemed 'Confidential,' so there is potential for a clearly defined and serious injury should the documents not be sealed." (Case No. 18-cv-12356, ECF No. 83-2 at ¶ 7 and ECF No. 85-3 at ¶ 4); (Case No. 16-cv-09446, ECF No. 97-3 at ¶ 7 and ECF No. 98-3 at ¶ 5).

In their opposition briefs, Plaintiffs specifically attack this assertion, arguing that Defendant's "speculative assertion of some vague injury is insufficient to rebut the presumptions of access under the common law and the First Amendment," and

that "Vivint has not even attempted to explain what clearly defined and serious injury would occur if these materials remain on the public docket in this case." (Case No. 18-cv-12356, ECF No. 90 at 4); (Case No. 16-cv-09446, ECF No. 100 at 4-5).

In response to these arguments, Defendant's reply briefs simply assert that "[t]he solar industry is a very competitive marketplace and Vivint Solar has a legitimate basis for seeking to protect certain information from its competitors. The very nature of this information makes plain that if it were to become public, Vivint Solar would be at competitive disadvantage and would suffer financial harm." (Case No. 18-cv-12356, ECF No. 93 at 2); (Case No. 16-cv-09446, ECF No. 101 at 2).

The Court must address both of Defendant's bases for asserting potential harm. First, to state that Defendant's simple desire to avoid public access to documents filed on the Court's docket is insufficient to rebut the presumption of public access would be an understatement. And as this Court has previously made clear, "just because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed. The document must still satisfy the standard set forth in Rule 5.3." Brooks v. Wal-Mart Stores, Inc., No. 1:18-cv-1428-NLH-KMW, 2020 WL 1969937, at *7 (D.N.J. Apr. 24, 2020) (quoting Vista India, Inc. v. Raaga, LLC, No. 07-1262, 2008 WL 834399, *5 n.2, 2008 U.S.

14

Dist. LEXIS 24454, *9, n.2 (D.N.J. Mar. 27, 2008)).  "This Court
has repeatedly emphasized the public interest in the disclosure
of materials filed on this Court's docket, which often outweighs
private interests in confidentiality.  This Court is funded by
the public and does not sit, in general, to resolve private
disputes in secret."  Centennial Mill by Del Webb Community
Association, Inc. v. Ply Gem Holdings, Inc., No. 1:17-cv-7675
(NLH/JS), 2018 WL 3085210, at *6 (D.N.J. June 22, 2018).

        Nor is the conclusory assertion that the very nature of the
information in question would put Vivint at competitive
disadvantage in the solar industry and cause financial harm
sufficient to demonstrate good cause.  The allegedly obvious and
inherent harm that would come from public access to these
documents may be clear to Defendant, but it is not clear to the
Court, and it is not the Court's duty to manufacture such an
explanation on its own.  As this Court and other courts in this
district have consistently and repeatedly held, failure to put
forth a specific and clearly defined risk of injury is fatal to
any motion to seal.  Kirschling v. Atlantic City Bd. of Educ.,
No. 11-4479 (NLH/JS), 2014 WL 5320162, at *3 (D.N.J. Oct. 17,
2014).  See also Horizon Pharma AG v. Watson Laboratories Inc.—
Florida, No. 13-5124 (JEI/JS), 2015 WL 12859244, at *2 (D.N.J.
Sept. 14, 2015) (denying motion to seal because "plaintiffs'
broad and conclusory assertion that 'disclosure would cause a

15

potential loss of competitive advantage and financial detriment
to plaintiffs' . . . fails to describe a clearly defined and
serious injury that would result if the relief sought is not
granted"); Younes v. 7-Eleven, Inc., No. 13-3500 (RMB/JS), 2014
WL 1959246, at *3 (D.N.J. May 15, 2014) (denying motion to seal
where the movant merely concluded that disclosure "could have a
significant impact" on the party); MEI, Inc. v. JCM American
Corp., No. 09-351 (RBK/JS), 2010 WL 4810649, at * (D.N.J. Nov.
17, 2010) (denying motion to seal because the party's "sole
rationale for nondisclosure is that 'MEI ... represented ...
that they have a legitimate interest in protecting the
confidentiality of the information contained in the [Release and
Settlement Agreement]'"); O'Brien v. BioBancUSA, No. 09-2289
(RBK/KMW), 2010 WL 2923283, at *4 (D.N.J. July 19, 2010)
(denying motion to seal where the plaintiff merely alleged that
the document contained "sensitive business information" and that
as a private corporation the defendant's interests would be
seriously harmed, without further explanation); Schatz-Bernstein
v. Keystone Food Products, Inc., No. 08-3079-RMB-JS, 2009 WL
1044946, at *2 (D.N.J. Apr. 17, 2009) (denying motion to seal
because "Defendants' contentions regarding the alleged harm they
would suffer from the disclosure of plaintiffs' motion are
general, overbroad and conclusory. Defendants do not cite to any
specific examples of harm they would suffer. Defendants'

16

averments simply do not satisfy their burden of proof under Rule 5.3 and applicable case law").

Simply put, Defendant has entirely failed to demonstrate with any specificity that disclosure of these documents would cause "clearly defined and serious injury."  As the moving party, Defendant bears the burden and duty to put forth an articulable, particularized description of the potential injuries at stake, and to provide the Court with sufficient details and explanations for it to properly assess Defendant's request and balance it against our legal system's basis presumption of public access.  Defendant instead "fails to make a particularized showing, or any showing for that matter, that injury will occur if the [documents] are publicly accessible . . . Plaintiff consequently does not demonstrate good cause to seal the documents."  <u>Kirschling</u>, 2014 WL 5320162 at *3.  For these reasons, Defendant's sealing requests will be largely denied, with the exception of a small subset of documents discussed in further detail below.

The Court will briefly address the handful of additional arguments put forth by Defendant in its briefing.  Having declined to further elucidate the potential injuries that would justify sealing or redacting the substantial number of documents Defendant's motions have targeted here, Defendant instead largely uses its reply briefs to wage attacks on Plaintiffs'

17

opposition briefs and Plaintiffs' counsel.  Defendant argues in both actions that both Plaintiffs' "Opposition is being pursued as a backdoor to the Confidentiality Order in hopes to use these documents in Plaintiff's counsel's other cases against Vivint Solar," which it argues is demonstrated by the fact that Plaintiffs "[do] not really challenge the propriety of sealing these documents," and "[do] not specifically address any of the documents that Vivint Solar seeks to seal." (Case No. 18-cv-12356, ECF No. 93 at 2); (Case No. 16-cv-09446, ECF No. 101 at 2).  Defendant further argues that Plaintiff Littlejohn's opposition to the motion was filed a day late and must be disregarded as untimely.

First, it is worth noting that Defendant's argument regarding the lack of specific objections to the sealing of specific documents entirely misses the point.  Plaintiffs' opposition briefs argue that, regardless of the merits of sealing any specific document, Defendant has broadly failed to meet the basic requirements of Rule 5.3(c) as to all documents targeted in all four of their motions to seal by giving no specific examples or explanations of what injuries would be caused by denying their motion.  Given this wide-scale failure, more specific objections were not necessary here.

However, more importantly, the Court must emphasize that Defendant's arguments regarding the sufficiency or timeliness of

Plaintiffs' opposition briefs, or their allegations regarding the true motives of Plaintiffs and their counsel, simply have no impact on the outcome of these motions. As this Court has repeatedly explained above, it is Defendant's burden as the moving party to put forth a sufficient basis for sealing or redacting the documents they want to protect, and it is their duty to provide the Court with an adequate basis for finding that the need to protect those documents outweighs the strong, fundamental presumption of public access to documents filed on this Court's docket.

While the Court has quoted and cited to Plaintiffs' arguments above to demonstrate that Defendant was put on notice of the flaws in their motions to seal prior to the filing of their reply briefs, the outcome as to the majority of the sealing requests here would be no different had Plaintiffs chosen not to file any opposition. The Court would still have had the duty to raise the deficiencies outlined in this Opinion on its own, and would have reached the same conclusion.

However, while these findings cover the vast majority of the sealing or redaction requests put forth by Defendant, they do not extend to one category of documents: the medical records and credit histories of the two Plaintiffs. While the parties dispute the appropriateness of sealing or redacting most of the documents in these actions, the only documents and information

19

which both parties jointly agree should be sealed or redacted
are those containing the medical records and credit histories of
Plaintiffs Reilly and Littlejohn.  The Court easily finds that
these requests are appropriate, and will grant the motions as to
this information only.

While Defendant may have failed to put forth sufficient
arguments as to potential injury, both Plaintiffs have proffered
their own arguments in favor of sealing or redacting this
category of documents and information.  As Plaintiffs correctly
note, this Court has previously analyzed the balance between the
public's right to access and the potential harm that could come
from the disclosure of a plaintiff's credit reports and the
"confidential and personal identifying information including,
but not limited to, account information, social security number,
and addresses," that they include.  Ocasio v. CoreLogic Credco,
LLC, No. 14-1585 (NLH/JS), 2015 WL 5722828, at *5 (D.N.J. Sept.
29, 2015).  This Court has also previously found that "public
disclosure of an individual's medical history . . . has been
held to be a clearly defined and serious injury sufficient to
support sealing of medical records."  Bertolotti v. AutoZone,
Inc., 132 F. Supp. 3d 590, 609 (D.N.J. 2015) (citing Harris v.
Nielsen, Civ. No. 09-2982, 2010 WL 2521434, at *4 (D.N.J. June
15, 2010).).

Just as this Court found in Ocasio and Bertolotti, it finds

20

here that the parties have shown good cause for granting the
motions to seal as to documents containing Plaintiffs' credit
reports and medical history.  Plaintiffs have listed the
following exhibits and documents as containing such information:

***Reilly* Action (18-cv-12356)**

- Exhibit 11 to Defendant's Motion for Summary Judgment;

- Pages 12 and 13 of Defendant's Expert Report in support
  of its Motion for Summary Judgment;

***Littlejohn* Action (16-cv-09446)**

- Exhibit 16 to Defendant's Motion for Summary Judgment;

- Exhibit J to Plaintiff's Opposition to Defendant's Motion
  for Summary Judgment;

- Pages 12 and 13 of Defendant's Expert Report in support
  of its Motion for Summary Judgment.

The Court has reviewed these documents, and agrees with
Plaintiffs' characterization of them as including information
related to Plaintiffs' credit scores, credit history, and
medical information.  Accordingly, the Court will grant the
present motions to seal as to these documents alone.  Exhibit 11
to Defendant's motion for summary judgment in the Reilly,
Exhibit 16 to Defendant's motion for summary judgment in the
Littlejohn action, and Exhibit J to Plaintiff's opposition to
summary judgment in the Littlejohn action shall be sealed.

Pages 12 and 13 of Defendant's expert report, filed in both
actions in support of Defendant's respective motions for summary
judgment, shall be redacted only to protect information related
to the credit history or medical information of Plaintiffs.

As outlined above, however, the four motions to seal filed
in these actions will be denied as to all other documents.  The
Court has attempted to sort through the filings in these cases
to gain a clear understanding of where each of the referenced
documents can be found, as well as which documents need to be
re-filed unsealed or without redactions and which documents need
to be re-filed under seal or redacted anew.  However, many of
the documents have been filed numerous times in different
formats, and as demonstrated by the confusion in Defendant's own
briefing over which documents it even intended to move to seal,
such an undertaking would take significantly more time and
effort than this Court is willing or required to devote to
sorting out the parties' messes.  U.S. v. Claxton, 766 F.3d 280,
307 (3d Cir. 2014) ("'Judges are not like pigs, hunting for
truffles buried in' the record.") (quoting Doeblers' Pa.
Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 (3d Cir. 2006)).

Accordingly, the Court will Order the following steps to be
taken.  Every filing and docket number associated with
Defendant's motions for summary judgment, motions to preclude
expert testimony, and motions to seal documents in both actions

that are currently filed under seal or with redactions shall remain under seal or redacted.[2]  The parties will be ordered to re-file on the respective dockets certifications from counsel attaching every filing, brief, and exhibit that they have previously filed either in support or opposition to those motions in an unsealed and unredacted format, with the exception of the documents listed above, which shall be filed under seal or redacted as outlined in this Opinion.

<u>**CONCLUSION**</u>

For the reasons expressed above, Defendant's motion for reconsideration (Case No. 18-cv-12356, ECF No. 87) in the <u>Reilly</u> action shall be granted, and the Court will enter an Amended Opinion as outlined herein.  Defendant's motions to seal documents submitted in connection with the motion for summary judgment in both actions (Case No. 18-cv-12356, ECF No. 83 and Case No. 16-cv-09446, ECF No. 97) shall be granted in part and denied in part.  Defendant's motion to seal documents submitted in connection with the motion to preclude expert testimony in the <u>Reilly</u> action will be denied, (Case No. 18-cv-12356, ECF No. 85), and the parallel motion in the <u>Littlejohn</u> action will be

---

[2] The only exceptions are the documents filed at ECF No. 71 in the <u>Reilly</u> action.  While these documents were filed in both actions and were targeted in Defendant's motions to seal, they were only filed under seal in <u>Reilly</u>.  As the motions to seal will be denied as to these documents, the Court will order that all documents filed at ECF No. 71 be unsealed.

granted in part and denied in part.  (Case No. 16-cv-09446, ECF

No. 98).

An appropriate Order will be entered.


Date:  January 26, 2021          /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.